```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


JOHN M. BANDA, JR.,             :
                                :    HONORABLE JOSEPH E. IRENAS
          Plaintiff,            :
                                :    CIVIL ACTION NO. 03-2045 (JEI)
     v.                         :
                                :
BURLINGTON COUNTY, et al.,      :           OPINION
                                :
          Defendants.           :
```

**APPEARANCES:**

```
JOHN M. BANDA, JR., pro se
Special Treatment Unit Annex
P.O. Box 905
Avenel, NJ 07001


PARKER MCCAY, P.A.
By:  J. Brooks DiDonato, Esq.
3 Greentree Centre
7001 Lincoln Drive West
P.O. Box 974
Marlton, NJ 08053
          Counsel for Defendant Burlington County Board of Chosen
          Freeholders


SUMNERS GEORGE
By:  Thomas W. Sumners, Jr., Esq.
849 West State Street
P.O. Box 0630
Trenton, NJ 08604
          Counsel for Defendants Burlington County Prosecutor's
          Office, Robert Bernardi, and Glen Filippone
```

1

**IRENAS**, Senior District Judge:

Pro Se Plaintiff John M. Banda, Jr. ("Banda") brings this § 1983 suit against Burlington County,[1] the Burlington County Prosecutor's Office, and Burlington County Prosecutors Robert Bernardi and Glen Filippone,[2] (collectively "Defendants") asserting that Defendants violated Banda's due process rights by prosecuting a forfeiture proceeding against his 1979 Ford Mallard Camper.[3]  Burlington County moves for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and the other Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(c).  For the reasons that follow, both motions will be granted in their entirety.

**I.**

On December 14, 2000, a forfeiture complaint and summons

---

[1]  Banda named "Burlington County" as a Defendant, although the actual entity that may be sued is the Burlington County Board of Chosen Freeholders. For brevity, the Court will use "Burlington County" when referring to this Defendant.

[2]  The Court will construe the Complaint as alleging claims against the individual prosecutors in both their official and personal capacities.
Subsequent submissions by Banda suggest that he seeks to add another individual defendant, James Gerrow, Jr., Esq., Executive Assistant Prosecutor in the Burlington County Prosecutor's Office.  Though not docketed as a formal motion to add a defendant to this suit, the Court denies Banda's implicit request because the undisputed record demonstrates that Gerrow is merely Defendant Filippone's immediate supervisor and did not have any role in the forfeiture action which gave rise to this suit.  Moreover, for the reasons explained *infra*, adding Gerrow as Defendant would be futile, as the reasons for granting summary judgment to the current individual Defendants would apply equally to Gerrow.

[3]  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

were filed in the Burlington County Superior Court, Special Civil Part, for the forfeiture of Plaintiff John M. Banda Jr.'s 1979 Ford Mallard Camper ("R.V.").[4]  The forfeiture complaint and summons were issued in connection with Banda's arrest on charges involving endangering the welfare of a juvenile and abuse of a juvenile.[5]  Allegedly, the R.V. was an instrument of the charged crimes.

On January 3, 2001, the forfeiture complaint and summons were hand-delivered by a court officer to the Burlington County Detention Center ("BCDC"), where the Plaintiff was confined. However, due to administrative errors at the detention center, the complaint and summons were never logged into the BCDC's legal papers book, and Defendants do not dispute that Banda never received the papers.

The forfeiture complaint was heard in the Burlington County Superior Court, Special Civil Part on March 19, 2001, and default judgment in favor of the Burlington County Prosecutor's Office was granted against the R.V.  On March 30, 2001, Banda filed a

---

[4] *See* N.J.S.A. § 2C:64-1 ("Any interest in the following shall be subject to forfeiture and no property right shall exist in them: . . . (2) All property which has been, or is intended to be, utilized in furtherance of an unlawful activity . . . (3) Property which has become or is intended to become an integral part of illegal activity. . .").

[5] The record does not indicate whether Banda was convicted of any charges but resolution of this issue is not necessary to the disposition of the present motions.  *See* N.J.S.A. § 2C:64-4(b) ("The fact that a prosecution involving seized property terminates without a conviction does not preclude forfeiture proceedings against the property pursuant to this chapter.").

Motion to Vacate the default judgment,[6] which was denied.  On August 23, 2002, the Superior Court of New Jersey, Appellate Division, reversed the lower court's holding, vacating the default judgment on grounds that Burlington County Superior Court lacked personal jurisdiction over Banda because he was never actually served with process.  Banda and the Burlington County Prosecutor's Office subsequently executed a settlement agreement and the R.V. was returned to Banda.[7]

Banda alleges that Burlington County, the Burlington County Prosecutor's Office, Burlington County Prosecutor Bernardi (sued in his official and individual capacities), and Assistant Burlington County Prosecutor Filippone (sued in her official and individual capacities) have violated his constitutional rights by depriving him of his property without due process of law, by failing to notify him of the forfeiture proceeding prior to the date of the hearing.  Banda seeks monetary damages totaling $135 million.  Additionally, Banda seeks restoration of his drivers' license, "to be left alone by ALL [sic] law enforcement agencies within the State of New Jersey with no retaliation of any kind," a "brand new R.V. motor home / camper of [his] choice," and

---

[6] It is unclear how Banda learned of the forfeiture.

[7] The settlement agreement included a release of claims provision. However, the instant suit was specifically excepted from the agreement.

4

expungement of his criminal history.[8]

Burlington County moves for judgment on the pleadings.  The other Defendants move for summary judgment.

## II.

"Judgment [on the pleadings] will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.  In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  In this fashion the courts hope to insure that the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial." *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045 (3d Cir. 1980).

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  In deciding a motion for summary judgment, the Court

---

[8] Banda also sought immediate release from prison but has since abandoned that request.

must construe the facts and inferences in a light most favorable to the non-moving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'"  *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*). "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322; Fed. R. Civ. P. 56(e) (A party opposing summary judgment cannot rest upon the "mere allegations or denials of the adverse party's pleading" but must respond with affidavits or depositions setting forth "specific facts showing that there is a genuine issue for trial.").

## III.

### A.

Burlington County is entitled to judgment on the pleadings because in New Jersey, county prosecutors act on behalf of the State, under the supervision of the State Attorney General. *See Coleman v. Kaye*, 87 F.3d 1491, 1500-01 (3d Cir. 1996)("the Attorney General maintains a general supervision over county prosecutors[;] the principal concern of that oversight relates to the maintenance of an effective statewide law enforcement policy; i.e., obtaining effective and uniform enforcement of the criminal laws throughout the State."). Thus, contrary to Banda's assertions, with respect to criminal prosecutions and related proceedings, Burlington County does not "oversee" the Burlington County Prosecutor's Office.

The Attorney General (not any county) possesses the power to supersede the authority of the county prosecutor's office when necessary to ensure the proper and efficient handling of the county prosecutor's "criminal business." *Coleman,* 87 F.3d at 1501. New Jersey law provides that whenever in the opinion of the Attorney General the interests of the State will be furthered by so doing, the Attorney General may: (1) supersede a county prosecutor in any investigation, criminal action or proceeding, (2) participate in any investigation, criminal action or proceeding, or (3) initiate any investigation, criminal action or

7

proceeding. N.J.S.A. § 52:17B-107(a). Thus, the State of New Jersey, through the Office of the Attorney General, exercises supervisory authority over the Burlington County Prosecutor's office with respect to prosecutorial functions. In *Davis v. Twp. of Lakewood,* the court explained:

> The Attorney General 'maintains a general supervision over . . . county prosecutors . . . [and] that oversight relates to the maintenance of an effective Statewide law enforcement policy. *[A] county prosecutor's law enforcement function is unsupervised by county government or any other agency of local government, but remains at all times subject to the supervision and supersession power of the Attorney General.'*

No. 03-1025, 2005 U.S. Dist. LEXIS 16420 at *15 (D.N.J. Aug. 4, 2005) (quoting *Coleman,* 87 F.3d at 1501; *Wright v. State,* 169 N.J. 422, 452 (2001); N.J.S.A. §§ 2A:158-4, 52:17B-106)(emphasis added). A county, therefore, "cannot be held vicariously liable for the actions of prosecutorial defendants involving the investigation of criminal activity or the execution of such defendants' sworn duties to enforce the law." *Davis,* 2005 U.S. Dist. LEXIS 16420 at *15. It follows that the Burlington County Prosecutor's Office was acting on behalf of the State of New Jersey, under the supervision of the State Attorney General, and not under the authority or control of Burlington County when it

initiated forfeiture proceedings against Banda's R.V.[9] Accordingly, Burlington County is not a proper defendant to this suit and judgment on the pleadings is warranted.

**B.**

The Burlington County Prosecutor's Office and the individual prosecutors, in their official capacities only, are entitled to Eleventh Amendment immunity from this suit.

(1)

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, absent express consent, the Eleventh Amendment renders States generally immune from suit by private parties in federal court. *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

---

[9] Although prosecuting a forfeiture is a civil in rem action, the Court holds that the actions taken by Defendants in connection with the forfeiture of Banda's R.V. were law enforcement activities that were prosecutorial in nature, rather than administrative. Forfeitures pursuant to N.J.S.A. § 2c:64-1 may only be instituted by the State, N.J.S.A. § 2C:64-3, as a "legitimate exercise of the police power." *State v. 1979 Pontiac Trans Am*, 98 N.J. 474, 482 (1985). "[A] forfeiture proceeding is essentially quasi-criminal in nature since it is intimately related to certain criminal activity." *State v. La Bella*, 88 N.J. Super. 330, 340 (Law Div. 1965). Further, though not dispositive, it is worth noting that the civil forfeiture provisions are found in New Jersey's Code of Criminal Justice.

Eleventh Amendment immunity extends to an unconsenting State's agencies or departments, provided that the State is the real party in interest. *MCI Telecomm. Corp. v. Bell Atlantic-Pa. Serv.*, 271 F.3d 491, 503 (3d Cir. 2001); *see also Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). The Third Circuit considers three factors in determining whether an entity is entitled to immunity under the Eleventh Amendment: (1) whether payment for any judgment would come from the State; (2) the status of the entity under State law; and (3) what degree of autonomy the entity has. *Stangl v. Port Auth.,* No. 05-3459, 2006 U.S. App. LEXIS 12566 at * 3-5 (3d Cir. May 22, 2006)(quoting *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989)). No single one of these factors is dispositive; the factors are to be balanced in evaluating the entity's claim of Eleventh Amendment immunity. *Id.*

Applying these factors, several courts have held that New Jersey county prosecutors' offices are entitled to Eleventh Amendment immunity from suits arising out of the exercise of prosecutorial powers. *See Davis,* 2005 U.S. Dist. LEXIS 16420 at *22-23 (Ocean County Prosecutor's Office entitled to Eleventh Amendment immunity)*; Elozua v. N.J.*, 04-2029, 2006 U.S. Dist. LEXIS 58239 at *24 (D.N.J. Aug. 18, 2006)(Warren County Prosecutor's Office entitled to Eleventh Amendment immunity); *Russell v. Foti*, 2006 U.S. Dist. LEXIS 34880 at *6 (D.N.J. May

10

31, 2006)(Ocean County Prosecutor's Office entitled to Eleventh Amendment immunity); *Kelley v. Edison Twp.*, 2006 U.S. Dist. LEXIS 23510 at *17-26 (D.N.J. April 25, 2006)(Middlesex County Prosecutor's Office entitled to Eleventh Amendment immunity). The Court cannot discern any reason to depart from these precedents, especially given the Court's determination at Section III. A. *supra,* that the Burlington County Prosecutor's Office is subject to the supervision of New Jersey's Attorney General. Accordingly, the Court holds that the Burlington County Prosecutor's Office has Eleventh Amendment immunity from this suit and summary judgment is appropriate.[10]

(2)

The Eleventh Amendment also bars a suit against a State official in his or her official capacity, because it "is not a suit against the official but rather is a suit against the official's office.[11]  As such it is no different from a suit

---

[10] Alternatively, summary judgment is also appropriate because under New Jersey law, the county prosecutor's office is not a government entity that can be sued under § 1983. *Russell v. Foti,* No. 06-2130, 2006 U.S. Dist. LEXIS 34880 at *5-6  (D.N.J. May 31, 2006)("Under New Jersey law, the Ocean County Prosecutor's Office does not have a legal existence separate from the Ocean County Prosecutor himself.")(citing N.J. Const., art. VII, § 2, ¶ 1 and N.J.S.A. § 2A:158-1 et seq.).

[11] To the extent Banda seeks injunctive relief, his claims are not barred by the Eleventh Amendment. *See MCI Telecomms. Corp. v. Bell Atlantic-Pennsylvania Serv.*, 271 F.3d 491, 503 (3d Cir. 2001) ("suits against individual state officers for prospective relief to end an ongoing violation of federal law" are not barred by the Eleventh Amendment); *see also Ex Parte Young*, 209 U.S. 123 (1908).  Nevertheless, his claims must be dismissed. Banda has not established any "continuing, present adverse effects" resulting from the alleged constitutional deprivation which would warrant prospective injunctive relief,  *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974), because he

against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

On the other hand, the Eleventh Amendment does not bar suits for damages against government officials sued in their personal capacities. *Garden State Elec. Inspection Servs., Inc. v. Levin*, 144 Fed. App'x 247, 251 (3d Cir. 2005). "In personal capacity suits, a Plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of that officer." *Id.* To establish individual liability in a § 1983 action, a Plaintiff must show "that the official acting under color of State law caused the deprivation of a federal right." *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Therefore, the Eleventh Amendment is not implicated because the State is not the real party in interest. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

A prosecutor exercising prosecutorial duties is not acting in his individual capacity, but is acting in his official capacity on behalf of the State. *See Coleman v. Kaye,* 87 F.3d 1491, 1506 (3d Cir. 1996)("when county prosecutors execute their sworn duties to enforce the law by making use of all the tools lawfully available to them to combat crime, they act as agents of the State."); *Russell,* 2006 U.S. Dist. LEXIS 34880 at *5-6 ("A county prosecutor in New Jersey acts on behalf of the State when

---

has not established any likelihood that his property will be subjected to another forfeiture action in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Additionally, Banda has failed to establish that his remedy at law (i.e., damages) would be inadequate. *Id.* at 111.

pursuing a criminal prosecution against a criminal Defendant and the Eleventh Amendment bars a damage action under § 1983 against the State of New Jersey."). The seizure of Banda's R.V. in the instant case constituted an execution of the Defendants' law enforcement duties,[12] and Defendants Bernanrdi and Filippone were therefore functioning as agents of the State.[13] Accordingly, summary judgment will be granted to Defendants Bernardi and Filippone in their official capacities.

### C.

Lastly, Defendants Bernardi and Filippone, in their personal capacities, are entitled to absolute immunity.

Prosecutors are subject to varying levels of official immunity. *Giuffre v. Bissell,* 31 F.3d 1241 (3d Cir. 1994). Absolute immunity attaches to all actions performed in a prosecutor's "quasi-judicial" role, including actions taken while in court (such as the presentation of evidence or legal argument), as well as selected out-of-court behavior intimately associated with the judicial phases of litigation. *Id.* In contrast, a prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity.

---

[12] *See supra* fn.8.

[13] *Contrast Coleman*, 87 F.3d at 1501 ("the Attorney General does not possess oversight authority with respect to the day-to-day management [(such as personnel decisions)] of the county prosecutor's office").

13

*Id.* There may also be instances where a prosecutor's behavior falls completely outside the prosecutorial role. In that case, no absolute immunity is available. *Id.*

In *Giuffre v. Bissell*, the Third Circuit refused to grant absolute immunity to a prosecutor who directed a police officer to question a Defendant about suspected drug dealers. 31 F.3d at 1253. The Court held that these actions were akin to a prosecutor providing legal advice to police during the investigative stages of a criminal proceeding -- an act which does not absolutely immunize the prosecutors from liability. *Id.* at 1253.

By contrast, the Third Circuit has held that a prosecutor is entitled to absolute immunity in (1) creating and filing of an in rem complaint; (2) preparing of and applying for the seizure warrant; and (3) participating in ex parte hearing for the issuance of the seizure warrant. *Reitz v. County of Bucks*, 125 F.3d 139, 146 (3d Cir. 1997); *Schrob v. Catterson*, 948 F.2d 1402 (3d Cir. 1991). In obtaining a seizure warrant, a prosecutor is acting as an advocate for the State rather than as an administrative or investigative officer, because he has already decided to bring an action for forfeiture against the guilty property. *Schrob*, 948 F.2d at 1416.

In the instant matter, the attempted service of the summons and complaint on Banda, as well as the subsequent prosecution of

14

the forfeiture case without notice, constitute quasi-judicial acts entitled to absolute immunity.  Bernardi and Filippone's actions were not investigative or administrative in nature, but were prosecutorial functions inextricably tied to their duty to act as advocates on behalf of the State of New Jersey.  *See Giuffre*, 31 F.3d at 1253 ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, are [] entitled to the protection of absolute immunity.") (internal quotations omitted).  As opposed to the prosecutor in *Giuffre* who was denied absolute immunity for advising police regarding their questioning of a criminal defendant, Defendants Bernardi and Filippone obtained a default judgment for seizure of Banda's R.V. as an integral step towards prosecuting Banda for his alleged crimes.  The Court therefore holds that Defendants Bernardi and Filippone are entitled to absolute immunity from the Due Process claim arising out of the failed attempt to serve Banda with notice of the forfeiture proceeding and the subsequent seizure of Banda's R.V.  Accordingly, summary judgment will be granted to Defendants Bernanrdi and Filippone in their personal capacities.

15

**IV.**

For the foregoing reasons, Burlington County's Motion for Judgment on the Pleadings will be granted and the Motion for Summary Judgment by the Burlington County Prosecutor's Office, Robert Bernardi, and Glen Filippone will be granted.  The Court will issue an appropriate order.


Date: September  26 , 2006


                                              s/*Joseph E. Irenas*
                                              JOSEPH E. IRENAS, S.U.S.D.J.